## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### PARKERSBURG

DAVID CHARLES PAUL,

      Movant,

v.                            **Case No. 6:11-cv-00987**
                                    **Case No. 6:09-cr-0088-1**

UNITED STATES OF AMERICA,

      Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the movant's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (ECF No. 75), filed on March 28, 2011, in the Beckley Division of this court, the division in which he is incarcerated. Case No. 5:11-cv-00193 was assigned. By Order and Notice filed November 18, 2011, Magistrate Judge VanDervort found that the movant's claims are properly considered as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, and provided a notice as set forth in *United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002). The movant was given until December 2, 2011 to state if he objected to re-characterization of his Application. The movant did not respond. By Order entered December 14, 2011 (ECF No. 74), Magistrate Judge VanDervort directed the Clerk to open a new file in the Parkersburg Division as a § 2255 motion.

The movant, David Charles Paul (hereinafter referred to as "the defendant"), is serving a sentence of 84 months upon his guilty plea to aiding and abetting the distribution of a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C.

§ 2.  (Judgment in a Criminal Case, entered October 22, 2009, ECF No. 62, at 1.)  The defendant will also serve a three-year term of supervised release.  *Id.* at 3.  The defendant did not appeal his conviction and sentence; in his plea agreement, the defendant agreed to a limited waiver of appeal and collateral attack.  (ECF No. 44, at 5.)  The defendant's sentence was below the applicable guideline range of 108-135 months.

The defendant contends that his sentence was improperly enhanced by a two-level increase for possession of a firearm.  (ECF No. 75, at 7, 10-13.)

The defendant's ground for relief lacks merit for three reasons.  First, if considered as a § 2255 motion, it is untimely, having been filed more than one year after his conviction became final.  Second, the defendant's possession of firearms was properly included in the guideline calculation.  Third, an application for a writ of habeas corpus cannot be substituted for a § 2255 motion.

Untimely Motion

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

> The one-year period runs from the latest of one of four specified events:
> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable  to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the
> exercise of due diligence.

28 U.S.C. § 2255.

Defendant's conviction became final on November 6, 2009, when he did not file a direct appeal. The one year period for filing a § 2255 motion expired on November 6, 2010. The undersigned proposes that the presiding District Judge **FIND** that Defendant's conviction became final on or about November 6, 2009, and none of the other events specified in section 2255 apply in this case. Therefore, the defendant's time to file his section 2255 motion expired on or about November 6, 2010, and his motion is untimely. The undersigned proposes that the presiding District Judge **FIND** that no exceptional circumstances exist to justify tolling the period of limitation.

<u>Firearm Enhancement</u>

During a search of the defendant's residence, a .22 caliber unloaded pistol was found in a gun box in the kitchen area, and a loaded Ruger .357 caliber pistol was found in the living room. Nearly 112 grams of cocaine was also found. (PSR, ECF No. 64, ¶ 12, at 6 [under seal].) The defendant did not contest the facts relating to firearms contained in his Presentence Investigation Report; he contends that the enhancement violates *Apprendi v. New Jersey,* 530 U.S. 466 (2000). Such a contention is a nonconstitutional claim which was waived when it was not pursued on direct appeal. *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

The defendant misreads *Apprendi*. It held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt. 530 U.S. at 490. [Emphasis added.] The defendant faced a prescribed statutory maximum of twenty years; the gun enhancement, imposed pursuant to U.S.S.G. §

2D1.1(b)(1), increased his offense level by two, to level 32 (which was then reduced by three levels for acceptance of responsibility). The defendant's Total Offense Level was 29 and his Criminal History Category was III. Even at level 32, the applicable guideline range was below the prescribed statutory maximum of twenty years.

The undersigned proposes that the presiding District Judge **FIND** that the defendant's offense level was properly enhanced for possession of firearms.

Writ of Habeas Corpus Pursuant to § 2241

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. *In Re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The fact that relief under section 2255 is barred procedurally or by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. *In re Jones*, 226 F.3d at 332; *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D. W. Va. 2001) (Haden, C.J.). The remedy under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

The defendant has failed to show that the remedy of a § 2255 motion is inadequate or ineffective, despite its unavailability to him.  The undersigned proposes that the presiding District Judge **FIND** that the defendant's Application for habeas corpus relief is not a cognizable claim.

It is respectfully **RECOMMENDED** that the defendant's Application, whether or not it is treated as an untimely § 2255 motion (ECF No. 75) be dismissed with prejudice.

The movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the movant shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Johnston.

      The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the movant, and to transmit it to counsel of record.

December 28, 2011

Mary E. Stanley
United States Magistrate Judge